UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERE THOMAS RAMEY, | No. 2:19-cv-00640 GGH P |
| Petitioner, | |
| v. | ORDER |
| M.E. SPEARMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, it appears that petitioner sought to file this petition first with the California Court of Appeal Sixth District, but somehow was misdirected and it was filed before this court. See ECF No. 1 at 1. Nonetheless, it is clear that petitioner has failed to exhaust his state court remedies. Accordingly, the court will provide petitioner the

1

opportunity to seek a stay and abeyance for his fully unexhausted petition in conformity with the requirements set forth under Rhines v. Weber, 544 U.S. 269 (2005).  See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016).

    Accordingly, IT IS HEREBY ORDERED that petitioner shall have thirty days from the date of this order to file his motion for stay and abeyance pursuant to Rhines, 544 U.S. 269 (2005).  Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies.

Dated: May 3, 2019

                          /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE